a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **SANCTIONED/BARRED* DONTRALE DEMARKO PHILLIPS #464769, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00216 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DAVID FOSHEE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint (ECF No. 15) and numerous Amended Complaints filed by *pro se* Plaintiff Dontrale Demarko Phillips ("Phillips"). Phillips is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names as Defendants Detective David Foshee and Judge Thomas Yeager.

Because the Complaint is frivolous and fails to state a claim for which relief can be granted, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Phillips complains that Detective Foshee arrested him in 2012 without a warrant and without probable cause. ECF No. 15. He also claims that Judge Yeager retaliated against him as part of a conspiracy with Detective Foshee. ECF No. 16.

Phillips seeks monetary damages and a declaratory judgment against Judge Yeager. ECF No. 15 at 4, No. 29 at 2.

1

II. <u>Law and Analysis</u>

    A. <u>Phillips's Complaint is subject to screening under 28 U.S.C. § 1915A.</u>

As a prisoner seeking redress from an officer or employee of a governmental entity, Phillips's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B. <u>Phillips's claims are meritless.</u>

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Phillips's complaints about Judge Yeager arise exclusively from the execution of a judicial function. Therefore, the claims are barred.

Additionally, although he now complains about his arrest, Phillips was convicted, and his conviction has been affirmed. *State v. Phillips*, 2014-254 (La. App. 3 Cir. 10/1/14). Phillips cannot obtain monetary damages or declaratory relief related to his allegedly unconstitutional conviction or resulting imprisonment because his conviction has not been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (declaratory relief); *Webb v. Owens*, 308 F. App'x 775, 776 (5th Cir. 2009).

Moreover, any claim related to Phillips's arrest in 2012 is now prescribed. The "statute of limitations upon which a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Legal process commences when "a judge (or grand jury) first makes a reliable finding of probable cause." *Manuel v. Cityt of Joliet, Ill.,* 137 S.Ct. 911, 921 (2017). Phillips received a preliminary examination on August 27, 2012, at which the judge made a finding of probable cause. *State v. Phillips*, 2014-254 (La.App. 3 Cir. 10/1/14). The prescriptive period commenced that date and expired one year later.

### III. Conclusion

Because Phillips fails to state a claim for which relief can be granted and his claims are frivolous, IT IS RECOMMENDED that the Complaint (ECF No. 15) and

all Amended Complaints be DENIED and DISMISSED WITH PREJUDICE under § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, April 23, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE